UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> vs. <br><br> COLEMAN BLEVINS, <br> Defendant. | Case No. 22-CR-169-JKP |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America will seek an above-Guideline sentence of 78 months and three years of supervised release, as that sentence is necessary given Blevins' conduct, to deter others, and protect the public from further crimes by Blevins.

I. **Background and Offense Conduct**

In early 2021, Blevins came onto the FBI's radar because of extreme online rhetoric he was using on various social media platforms. PSR ¶ 7. In May 2021, an undercover officer gained access to a private Snapchat group Blevins had formed and quickly observed Blevins and others having radical talk regarding harming persons. PSR ¶ 8-9.

On May 27, 2021, Blevins sent a message to the group stating, "I'm going to Walmart," which was followed by a picture Blevins sent depicting himself holding a black assault style rifle.[1] PSR ¶ 10. Blevins then sent another message (depicted below) stating, in effect, "I have no problem spending the rest of my life in prison for Shootings up Walmart." PSR ¶ 10.

---

[1] This picture was not able to be obtained after-the-fact due to way Snapchat operates technologically.



Soon thereafter, Blevins sent a message indicating that he wanted to kill Americans. PSR ¶ 10. Blevins lived in Kerrville, Texas at the time he made these posts. PSR ¶ 45.

In response to the Walmart threat and out of fear that Blevins would act, the Kerr County Sheriff's Office arrested Blevins the next day and executed a search warrant at his apartment. PSR ¶ 11. Among the items seized from the apartment were 370 rounds of .223 ammunition, 59 rounds of 5.56 ammunition, and 127 rounds of 9mm ammunition. PSR ¶ 11. A black AR-15 .223 rifle with two single magazines and two loaded double-stack stack magazines was found in a vehicle belonging to Blevins' roommate. PSR ¶ 11. This rifle matched the rifle that the undercover officer saw Blevins holding in the picture Blevins posted in the chat group along with the messages he sent regarding his intent to conduct a shooting at Walmart.

Subsequent FBI investigation into Blevins' social media activity revealed other recent occasions where Blevins had posted pictures of himself with firearms and ammunition on public social media sites:

- In December 2020, Blevins posted the following picture on his Facebook account holding a C.A.I Model M44 7.62x54R caliber rifle. PSR ¶ 13.



- In January 2021, Blevins posted the below photo to his Instagram account of himself holding a row of ammunition. PSR ¶ 13.



- And on May 27, 2021, in addition to posting the Walmart threats described above, Blevins also sent the below picture of himself to a confidential source who he was communicating with on a discreet social media platform. In the photo, Blevins is seen holding a Chiappa, Model Pak-9, 9mm pistol:



During all of this conduct, Blevins was prohibited from possessing firearms and ammunition because he was previously convicted of a felony drug offense in Brewster County, Texas.

Blevins was prosecuted in Kerr County, Texas for the Terroristic Threat and the possession of two firearms not charged herein (the AR-15 recovered during the search warrant was manufactured in Texas, thus lacking federal jurisdiction). Blevins pled guilty in August 2023 and was sentenced to 2 years imprisonment in each case, to run concurrently. PSR ¶ 33-34.

Blevins was also on felony probation out of Brewster County for drug charges at the time

of these new offenses. Based on this conduct, Blevins' probation was revoked and he was sentenced to 900 days imprisonment, to run concurrently with the other sentences. PSR ¶ 32.

## II. Legal Standard

The "district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" because the Guidelines form the "starting point and the initial benchmark" for crafting an appropriate sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). However, the Court is required to "make an individualized assessment based on the facts presented" and "may not presume that the Guideline sentence is reasonable." *Id.* at 49-50. If the Court imposes an outside-Guideline sentence, the Court must "ensure that the justification is sufficiently compelling to support the degree of the variance…. [A] major departure should be supported by a more significant justification than a minor one." *Id.*

The goal is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" articulated in 18 U.S.C. § 3553(a)(2), specifically the need to:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.[2]

In so doing, the Court must consider all the § 3353(a) factors, including:

> "The nature and circumstances of the offense and the history and characteristics of the defendant;" "the kinds of sentences available;" "the kinds of sentence and the sentencing range established … in the guidelines…"; "any pertinent policy statement" in the Guidelines; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense."

*Gall*, 552 U.S. at 49-50.

---

[2] Note however, "the Sentencing Reform Act precludes federal courts from imposing or lengthening a prison term in order to promote a criminal defendant's rehabilitation." *Tapia v. United States*, 564 U.S. 319, 321 (2011).

### III. <u>Application and Analysis</u>

#### A. <u>Seriousness of the Offense, Respect for the Rule of Law, Just Punishment</u>

This is not a rudimentary firearms possession case. The posts made by Blevins are alarming, particularly in this District where a mass shooting at an El Paso Walmart occurred less than two years prior to Blevins' threats. Blevins did not merely make posts without intending to drive the veracity of his threats home. Nor did he merely possess firearms privately without informing others of his armed-and-readiness. The public posts of himself possessing weapons were timed and calculated to enhance Blevins' authenticity relative to his Walmart comment and reinforce his commitment to carrying through with the acts he threatened. The court should take him at his word. An above-Guideline sentence is necessary to reflect the seriousness of the offense, promote the rule of law, and impose just punishment.

#### B. <u>Adequate General Deterrence and Specific Deterrence to Protect the Public from Further Crimes of the Defendant</u>

Blevins was not alone in the use of extremist ideology and concerning speech in the groups to which he posted. But his threats rose above mere-speech, and he worked to increase the believability of his threats by revealing to others online that he had real-time access to ample firepower. This actual possession of weapons—and the posting of pictures of proving so—thus worked to substantiate and enhance the effect of his threats. A substantial sentence would help send a message that online conduct has real-world consequences and help to deter Blevins and other like-minded individuals from committing further crimes.

### IV. <u>Conclusion and 5K2.23 Guideline Effect</u>

Blevins' conduct demonstrates that, in this case, a "sufficient" sentence is one that goes beyond the recommended Guideline range of 51-63 months. The Government recommends that a

sentence of 78 months of incarceration is appropriate, followed by the maximum term of supervised release.

However, Sentencing Guideline Section 5K2.23 provides that a downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense.  Because Blevins was sentenced to 24 months on the related state offenses and completed those sentences prior to coming into federal custody, the Bureau of Prisons will not credit that time to his federal sentence.  Thus, the Government asks that the Court vary to find that a sentence of 78 months is fair and reasonable under the circumstances, but downward depart to account for this Guideline consideration, ultimately sentencing Blevins to 54 months of imprisonment.  The Government asks that the Court reflect the reasoning supporting this variance and departure in the Judgment to avoid future confusion.

                      Respectfully submitted,

                      JAIME ESPARZA
                      United State Attorney

                      Eric J. Fuchs
                      Assistant United States Attorney
                      Texas Bar # 24059785
                      601 NW Loop 410, Suite 600
                      San Antonio, Texas 78216
                      Tel: (210) 384-7445

CERTIFICATE OF SERVICE

      I intend to file this document under seal and I certify that I will email a copy of the document and attachments to counsel for the Defendant.

                                                        /s/
                                          Eric J. Fuchs